UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL SILVESTRY, on behalf of himself and all other similarly situated persons, known and unknown<br><br>            Plaintiff,<br><br>v.<br><br>FLEET SERVICES, and JAMES BOREK, individually,<br><br>            Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff, Paul Silvestry, by and through his attorneys, Siegel Law Group Ltd., for his Complaint at Law, complains against Defendants Fleet Services ("Fleet" or "Company"), and James Borek, as follows:

## NATURE OF ACTION

1.    Silvestry brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for Defendants' failure to properly pay overtime. Silvesty also brings individual claims under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL") for Defendants' failure to properly pay overtime, and under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1, *et seq.*, for unlawful deductions from his wages. Additionally, Silvestry alleges claims for common law intentional infliction of emotional distress and negligent supervision.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed at Fleet's facility located in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Silvestry is a resident of Chicago, Illinois. He was employed by Defendants from approximately January 2014 until on or about May 6, 2015.

5. Silvestry and the class he seeks to represent are current and former non-exempt employees who worked for Defendants during the three (3) years preceding the filing of this Complaint, and were not paid overtime for hours worked in excess of forty (40) per week.

6. Fleet is in the towing and auto repair business. It has a facility located at 2641 South Leavitt Street, Chicago, Illinois.

7. Fleet is an employer under the FLSA, IMWL, and IWPCA.

8. Borek is the owner of Fleet. Among other things, Borek has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Fleet's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

9. Borek is an employer under the FLSA, IMWL, and IWPCA.

**FACTUAL ALLEGATIONS**

10. Throughout his employment, Silvestry was employed by Defendants as a serviceman and tireman. His job duties included providing roadside assistance to stranded vehicles, and dismounting and mounting tires.

11. Defendants agreed to pay Silvestry ten dollars per hour during his employment. However, Defendants generally capped Silvestry's wages at $610 per week.

12. During the three (3) years preceding the filing of this complaint, Silvestry and all other similarly situated individuals were employed by Defendants as non-exempt hourly employees.

13. The Company has a policy and/or practice of not properly paying overtime for hours worked in excess of forty (40) per work week.

14. Defendants required Silvestry and members of the putative class to work, and Silvestry and the members of the putative class did work, in excess of forty (40) hours per work week.

15. For example, Silvestry normally worked six (6) days per week for at least ten (10) hours per day.

16. Silvestry and all those similarly situated were or are entitled to be paid overtime for any hours worked in excess of forty (40) per workweek, as mandated by the FLSA and IMWL.

17. Defendants failed to pay overtime to Silvestry and all those similarly situated for all weeks in which they worked in excess of forty (40) hours.

18. Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Silvestry and members of the putative class accordingly.

3

19. Defendants acted in bad faith in failing to properly compensate Silvestry and members of the Plaintiff Class for the work they performed.

20. Fleet and Borek were previously defendants in the case of *Payton v. Flash Towing, Inc., et al.*, No. 08 CV 00425 (N.D. Ill.), in which the plaintiff alleged defendants (including Fleet and Borek) failed to pay him overtime.

21. This failure to compensate Silvestry and members of the putative class for their work constitutes wage theft, deprives the United States of needed tax revenue, and undermines free enterprise by placing the Company at an unfair competitive advantage.

## COUNT I – FAIR LABOR STANDARDS ACT
### (Collective Action)

22. Plaintiff incorporates Paragraphs 1 – 21 as though fully set forth herein.

23. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 207, for their failure to pay Silvestry and all those similarly situated for all hours worked in excess of forty (40) per workweek.

24. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. § 207. Silvestry attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

25. All past and present employees of Fleet who performed non-exempt work and who were not paid at the overtime rate for all hours worked in excess of forty (40) per workweek are similarly situated to Silvestry in that Defendants have applied their compensation policies, which violate the FLSA, on a company-wide basis for at least all members of the putative class.

26. For all members of the putative class to become fully aware of their rights to join this cause of action, a certain period of time, as determined by this Court, is necessary to send

notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

27. The members of the putative class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

28. To bring this cause of action, it has been necessary for Silvestry, and will become necessary for the other members of the putative class, to employ attorneys to secure any judgment due to them with regard to unpaid compensation and any other damages.

29. All past and present non-exempt hourly employees, including Silvestry, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Fleet's business, and neither Silvestry nor any member of the putative class received proper overtime compensation for hours worked over forty (40) in at least one workweek.

30. Pursuant to 29 U.S.C. § 207, Silvestry and all other members of the putative class, known and unknown, were entitled to receive overtime for all hours worked in excess of forty (40) per workweek.

31. Defendants' failure to pay overtime to Silvestry and all other members of the putative class, known and unknown, is a violation of the FLSA.

32. Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendants' failure to pay overtime is a willful violation of the FLSA.

33. As a direct and proximate result thereof, Silvestry and other members of the putative class are due back wages and liquidated damages, pursuant to the FLSA.

WHEREFORE, Plaintiff Paul Silvestry, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Conditionally certifying a class of similarly-situated individuals and permitting the issuance of notice to prospective plaintiffs informing them of their right to opt-in to this action;

b) Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees and costs incurred in filing this action;

f) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

g) Ordering such other and further relief as the Court deems appropriate and just.

### COUNT II – ILLINOIS MINIMUM WAGE LAW
### (Individual Claim)

34. Plaintiff incorporates Paragraphs 1 – 21 as though fully set forth herein.

35. The matters set forth in this Count arise from Defendants' violations of the overtime compensation provision of the IMWL, 820 Ill. Comp. Stat. 105/4(a).

36. Silvestry was an employee of Defendants who was not paid overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*, during his employment with Defendants. Silvestry brings this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

37. At all relevant times herein, Defendants have been an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

38. At all relevant times, Silvestry was employed by Defendants as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

39. Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Silvestry worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

40. Defendants failed to pay wages at the overtime rate to Silvestry for all hours worked in excess of forty (40) per work week.

41. Defendants violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by refusing to compensate Silvestry at the overtime rate for all hours worked in excess of forty (40) hours per week.

42. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Silvestry is entitled to recover unpaid wages for three years prior to the filing of this suit, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Paul Silvestry respectfully requests that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed to Silvestry pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

f) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Individual Claim)

43. Plaintiff incorporates Paragraphs 1 – 9 as though fully set forth herein.

44. Under the IWPCA, a financial loss suffered by an employer due to damage to his/her property or to that of a customer or client shall not be deducted from an employee's pay unless the employee's expressed written consent is given freely at the time the deduction is made.

45. During his employment, Defendants deducted the cost of damaged and/or missing tools from Silvestry's wages. Silvestry was not responsible for damaging and/or losing the tools.

46. Defendants failed to obtain from Silvesty his freely given express written consent at the time each deduction was made from his wages.

47. Defendants violated the IWPCA by making unlawful deductions from Silvestry's wages.

WHEREFORE, Plaintiff Paul Silvestry respectfully requests that this Court enter an order as follows:

a) Awarding all unpaid wages due as provided by the IWPCA;

b) Awarding prejudgment interest in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems just under the circumstances.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Individual Claim – against Defendant Fleet only)

48. Plaintiff incorporates Paragraphs 1 – 9 as though fully set forth herein.

49. During Silvestry's employment, Fleet engaged in conduct towards Silvestry that was extreme and outrageous.

50. Throughout Silvestry's employment with Fleet, he was harassed and bullied at work by Borek, as well as the Company's manager, Robert Rose, and other employees.

51. As a manager, Rose was Fleet's agent. Moreover, as a manager, Rose held a position of authority and control over Silvestry.

52. On approximately seven or eight separate occasions Rose pointed a loaded gun at Silvestry while they were working at Fleet's facility. Specifically, Rose pointed a loaded gun at Silvestry on the following approximate dates:

   a. April 2014;

   b. Three or four times during the summer of 2014;

   c. November 2014;

   d. February 2015; and

   e. April 2015.

53. Each time Rose pointed a loaded gun at him, Silvestry ran out of the room in a panic. Rose and other Fleet employees would laugh at Silvestry for running out of the room,

54. Borek, Rose, and other Fleet employees regularly called Silvestry names, such as "bald fuck."

55. Additionally, Rose and Borek's son, Joey Borek ("Joey"), who was also employed by Fleet, filled Silvestry's car with garbage, removed the tires from Silvestry's car, and often smacked food out of Silvestry's hands when he would walk past them with his lunch.

9

56. Borek was aware of the extreme and outrageous conduct directed at Silvestry, as he personally engaged in and/or witnessed many of the incidents, and laughed at Silvestry's panicked responses. Moreover, Silvestry frequently complained to Borek about the harassment.

57. Borek did not discipline Rose, Joey, or any other employee, and made no effort to eliminate from Fleet's workplace the harassment directed at Silvestry. In fact, when Silvestry complained about Rose's harassment (including but not limited to the gun incidents) Borek would tell Rose that Silvestry was "crying about him again."

58. There was no legitimate purpose for Fleet's extreme and outrageous conduct. Rather, the Company intended to inflict Silvestry with severe emotional distress through its conduct, or knew that there was a high probability that its conduct would do so.

59. Silvestry was particularly susceptible to emotional distress because he had been shot as a teenager.

60. Fleet was aware that Silvestry had been shot as a teenager because he told Borek and Rose about it.

61. A reasonable person would react to the Company's extreme and outrageous conduct in the same manner that Silvestry did.

62. As a direct and proximate result of said acts, Silvestry has suffered and continues to suffer severe emotional distress.

WHEREFORE, Plaintiff Paul Silvestry respectfully requests that this Court enter an order as follows:

    a) Awarding compensatory damages;

    b) Awarding punitive damages; and

    c) Ordering such other and further relief as this Court deems just under the circumstances.

## COUNT V – NEGLIGENT SUPERVISION
### (Individual Claim – against Defendant Fleet only)

63. Plaintiff incorporates Paragraphs 1 – 7 and Paragraphs 46 – 60 as though fully set forth herein.

64. Fleet was aware of the extreme and outrageous conduct directed at Silvestry.

65. The Company "authorized" these unlawful actions by failing to adequately train and/or discipline Rose, Joey, or any other employee, and by failing to prevent the harassment that it was aware was occurring within its workplace.

66. Fleet as an employer has a duty to exercise reasonable care in training and supervising its employees.

67. Fleet breached that duty by failing to stop the harassing, unlawful conduct of Rose, Joey, and the Company's other employees.

68. Silvestry was damaged by Fleet's negligence.

WHEREFORE, Plaintiff Paul Silvestry respectfully requests that this Court enter an order as follows:

    a)    Awarding compensatory damages;

    b)    Awarding punitive damages; and

    c)    Ordering such other and further relief as this Court deems just under the circumstances.

Dated: June 12, 2015                      Respectfully submitted,

Bradley Manewith, #06280535       PAUL SILVESTRY
Anne K. Schmidlin, #6313916
Siegel Law Group, Ltd.               By: /s/ Bradley Manewith
150 N. Wacker, Ste. 1100                Attorney for Plaintiff
Chicago, IL 60606
Telephone: (312) 878-3210         **Plaintiff hereby requests a jury**
Facsimile: (312) 878-3211          **on all issues so triable**